**Robert Angelo PIZZAGRANI,**
**Petitioner–Appellant,**

v.

**Anthony LAMARQUE, Warden; et**
**al., Respondents–Appellees.**

No. 05–16598.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Robert Angelo Pizzagrani, Vacaville, CA, pro se.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pamela K. Critchfield, Esq., AGCA–Office of the California Attorney General, Oakland, CA, for Respondents–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

California state prisoner Robert Angelo Pizzagrani appeals *pro se* from the district court's order denying his petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo, Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

■ First, Pizzagrani contends that his due process right to trial by an impartial jury was violated. After reviewing the record of the hearing that the trial court held to investigate this claim, the California Court of Appeal concluded that any presumption of bias against Pizzagrani had been rebutted. *See Rushen v. Spain,* 464 U.S. 114, 119–20, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (per curiam) (noting that "[p]ost-trial hearings are adequately tailored to" the task of investigating claims of juror partiality). We presume this finding is correct. *See* 28 U.S.C. § 2254(e)(1); *Spain,* 464 U.S. at 120, 104 S.Ct. 453; *Taylor v. Maddox,* 366 F.3d 992, 999–1000 (9th Cir.2004). Thus it was not unreasonable for the California Court of Appeal to conclude that Pizzagrani's jury was impartial toward him. *See* 28 U.S.C. § 2254(d)(1), (2); *Spain,* 464 U.S. at 119–21, 104 S.Ct. 453.

■ Next, Pizzagrani contends that trial counsel was ineffective for failing to investigate Juror 3's hearing difficulties. The record does not indicate that Juror 3 had any difficulty understanding the testimony presented at the trial. The district court thus correctly rejected this claim. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, Pizzagrani contends that trial counsel was ineffective for failing to inquire into the effect on the remaining jurors of Juror 11's fear of retaliation from a trial spectator, and for failing to ask the trial judge to admonish the remaining jurors not to take this extraneous information into account in their deliberations. Again, the record does not reveal any possibility that this extraneous information had an effect on the verdict. Consequently, the district court correctly rejected this claim. *See id.*

■ We construe Pizzagrani's briefing of uncertified issues as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.